

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE:   (212) 370-7889
www.egsllp.com

August 26, 2014

<u>**VIA ECF FILING**</u>

Hon. James L. Cott
United States Magistrate Judge
500 Pearl Street, Courtroom 21D
New York, New York 10007

   **Re:** *Farmer v. Hyde Your Eyes Optical, Inc.*
     <u>13-cv-6653         </u>

Dear Magistrate Judge Cott:

  We represent the Defendants in the above-referenced civil action. We write to request a discovery conference pursuant to Your Honor's individual rules regarding Plaintiff Richard Farmer's failure to produce documents.

  This dispute is somewhat unusual in that Plaintiff has agreed to produce most all the documents at issue, but has not done so despite being given more than one extension. As of our last conversation, Plaintiff's counsel cannot give a date certain as to when the documents can or will be produced. Accordingly, we believe a court order is necessary.

  In this case, Plaintiff seeks overtime pay for the period of June 2008 – August 2013 and claims he was discharged in retaliation for filing this lawsuit.

## I. <u>Good Faith Effort To Resolve Discovery Dispute</u>

  The documents were the subject of a July 7, 2014 letter to Your Honor. Your Honor, in response, set a conference on the letter for July 16, 2014. The next day, new counsel appeared for Plaintiff who was at that time *pro se*. Your Honor issued a new scheduling order. In that same order, Your Honor told the parties to conduct a formal meet and confer by July 18, 2014. The parties did so, conferring by telephone on July 17, July 18, and July 20.

  As a result of those discussions, the parties compromised and came to agreement that Plaintiff would produce certain documents by August 4, 2014. When the documents were not produced, I wrote to Plaintiff's counsel to address the lack of response. Plaintiff's counsel responded on August 7 by producing Plaintiff's school schedule and attendance records and an affidavit concerning social media documents and criminal records, but no other documents. Plaintiff's counsel requested an additional extension which was granted until August 13

{00316888.DOC.1}



(plaintiff's counsel misread the email as August 18).  Regardless, no additional documents were produced.

On August 25, 2014, we discussed the issue again and Plaintiff's counsel could not give any firm date by which the documents would be produced.  Consequently, Defendants have not been able to take Plaintiff's deposition, for which he was supposed to appear by August 15.

**II.  Documents Plaintiff Has Agreed To Produce**

Set forth below are the document requests at issue and the parties' agreement as to how the dispute as to those requests would be resolved:

9.    Produce all documents relating to your sources of income from January 1, 2007 through the present, including, but not limited to, federal and state income tax returns, including all schedules, forms W-2 and forms 1099.

Documents Plaintiff Agreed to Produce: Plaintiff promised to produce documentation for the years 2008-2013.

10.    Produce all documents regarding your pursuit and, if appropriate, securing of employment after the cessation of your employment with any Defendants, including, but not limited to, all employment applications filed with prospective employers, advertisements to which you responded and offer letters, benefits descriptions, and pay stubs received from subsequent employment.  If you used internet sources to pursue employment, also identify the website address or email address used to submit an application or employment inquiry, date(s) accessed, searches conducted, identification numbers (if applicable) for jobs applied for, electronic files uploaded, and profile name/username.

Documents Plaintiff Agreed to Produce: Plaintiff agreed to produce all documents set forth in this request.

11.    Produce each and every version of your resume which you have prepared, whether submitted to any third-parties or not, from January 1, 2007 to the present.

Documents Plaintiff Agreed to Produce: Plaintiff agreed to produce these documents for the period beginning with Plaintiff's employment in June 2008.

12.    Produce all documents relating to the damages you have allegedly suffered as a result of the actions, omissions, and conduct alleged in the Complaint.

Documents Plaintiff Agreed to Produce: Plaintiff agreed to respond to this request.

{00316888.DOC.1}



13.     Produce all documents relating to any claims for unemployment compensation benefits, workers compensation benefits, or disability benefits that you filed throughout and following the cessation of your employment with any Defendant.

Documents Plaintiff Agreed to Produce:  Plaintiff agreed to respond to this request.

25.     Produce all medical, psychiatric, and psychological treatment records concerning any medical treatment you have received since January 1, 2004 or, alternatively, provide a HIPPA-compliant medical release each medical provider who has treated you since January 1, 2004.

Documents Plaintiff Agreed to Produce:  Plaintiff agreed to produce these records for the years 2008 – the Present.

32.      Produce all documents concerning any cellular telephone company with whom you have had an account since January 1, 2008.

Documents Plaintiff Agreed to Produce: Plaintiff agreed to produce these documents for the period of June 1, 2013 – September 30, 2014.

In summary, we request that the Court order Plaintiff to produce the documents in accordance with the terms set forth above.  We trust that Plaintiff will not at this time raise objections that we had agreed to resolve on July 20.

### III.   Unresolved Issues Concerning Bank, Credit Card, and Travel Records

Finally, there are three requests that were unable to resolve in our discussion.  I provided Plaintiff's counsel with authority on both sides of the issue in a letter dated July 22, 2014, but I never received any legal authority from Plaintiff's counsel.

Plaintiff has objected to the following requests:

20.   Produce all credit card statements for the time period of January 1, 2008 until September 30, 2013.

21.   Produce all bank records for the time period of January 1, 2008 until September 30, 2013 [to the extent we have not received them from our subpoena of Chase Bank].

22.   Produce all records concerning interstate or international travel you have engaged in from January 1, 2008 until the present.

The reason for these requests is that Plaintiff asserts that we worked 80-100 hours per week.  One hundred hours of work in a week is approximately 14.2 hours per day for a seven-day week or 16.6 hours per day in a six-day week.  In short, Plaintiff asserts that he spent



substantially all of his waking hours working. Moreover, much of the time Plaintiff worked from his home, making it difficult to verify his hours independently.

Records of his spending will provide insight into whether these assertions are true. For example, if a credit card statement shows a trip to a casino in Connecticut, a restaurant meal, or a movie at a theatre some distance from Plaintiff's home, those facts would cast doubt on his assertions of spending substantially all of his time working.

Legal decisions concerning requests for bank and credit card records are not consistent. This Court issued an order compelling production of a defendant's bank records in an FLSA case for purposes of proving enterprise coverage, among other things. The Court simply weighed the relevance of the document against the privacy interests of the defendants and, with a confidentiality provision, order the records' production. *Iglesia-Mendoza v. La Belle Farms*, 06-cv-1756 (June 12, 2008)(Yanthis, U.S.M.J.) Also, a Florida district court, that seemed to assume as self-evident the records' relevance, ordered a bank to comply with a subpoena for an FLSA plaintiff's bank records with the caveat that the records would be sent to plaintiff's counsel for redaction. *Mancuso v. Florida Metropolitan Univ.*, 2011 WL 310726, at *4 (S.D. Fla. Jan. 28, 2011).

On the other hand, another Florida district court rejected *Mancuso*'s reasoning and denied a request for production of FLSA plaintiffs' banking records. The court wrote, "Plaintiffs admitted at deposition that they used debit and credit cards during vacation and non-work times. From this, Defendant deduces that any time Plaintiffs used their debit or credit cards, they were not working. This leap of logic is insufficient support for Defendant's broad request." *Palma v. Metro PCS Wireless, Inc.*, 2014 WL 1877578, *3 (M.D. Fla. April 29, 2014).

In the case at bar, where Plaintiff alleges he was working at virtually all times and worked from home, it is clear that the records are highly relevant and can provide one of the few means of verifying whether Plaintiff was doing at various times of day. Also, the reasoning of *Palma* is flawed. The relevance of the records at issue lies not in the fact that Plaintiff was using a credit or debit card, but rather what he used it for. The bank and credit card records can show that Plaintiff was engaged in activities (travel, attending movies or plays, eating in restaurants) that are inconsistent with his claim that he was working. Accordingly, they should be produced in this case.

Respectfully yours,

*Paul P. Rooney*

By:_____
Paul P. Rooney

{00316888.DOC.1}