# PETER M. ZIRBES, ESQ., P.C

116-27 Queens Boulevard - Forest Hills, NY 11375 - (718) 544-6300 - Fax: (866) 673-1354
WWW.PETERZIRBESLAW.COM

WE DO NOT ACCEPT SERVICE OF PAPER BY ELECTRONIC OR FACSIMILE TRANSMISSION UNLESS OTHERWISE PERMITTED

Via Fax (212) 805-7990

Hon. James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/14

October 15, 2014

RECEIVED
OCT 15 2014
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

      Re:      Richard Farmer v. Hyde Your Eyes Optical, Inc., et al.
      Docket #:  13-cv-6653

Dear Judge Cott:

      Initially, allow me to seek pardon for inadvertently mis-calendaring the date my client's response to Mr. Rooney's letter motion was due. I can assure your honor that there is no disrespect intended, but acknowledge that late is late, even if it is only by one day.

      Nonetheless, and addressing Mr. Rooney's letter motion. As soon as I did receive documentation from my client, which was Monday, October 6, 2014, I drafted a cover letter to Mr. Rooney, and sent him this package via both fax and e-mail. As the documentation does contain private personal information, I have only attached a copy of my cover letter to Mr. Rooney. These documents, in addition to those already previously provided allows me to state to this honorable Court that my client has substantially complied with your honor's order of September 19, 2014. As indicated in my cover letter to Mr. Rooney, dated October 6, 2014 (admittedly three days beyond the deadline set by your honor) the only outstanding items are relatively minor, and should not prevent Mr. Rooney from proceeding with Mr. Farmer's deposition, and are as follows:

- Mr. Farmer's resumes, one each from his post-termination job search, and one from when he applied for his job with the Defendants (this second resume should be in the Defendants' possession already);
- An authorization for medical records from the mental health professional with whom Mr. Farmer has been consulting;
- Documents relating to any unemployment claims Mr. Farmer filed after being fired by the Defendants (again, Defendants must have their copies of these documents, and the only issue from these documents is mitigation of damages, thus, something on which Mr. Farmer can still be questioned at his deposition);
- An authorization for the gymnasium my client attended;

- A list of my client's addresses since he started working for the Defendants (an affidavit from my client will reveal that he has been living at his present address in Flushing the whole time period in question);
- Documents and/or Affidavit regarding child custody proceedings in which my client was involved while working for the Defendants; and,
- Cell phone records for three months immediately prior to termination (my client has had to subpoena these records)

Thus, it is respectfully submitted that Mr. Farmer has substantially complied with your honor's order and that these relatively few and quite minor documents will not hinder the Defendants in their ability to conduct the Plaintiff's deposition. Therefore, I respectfully request that this honorable Court deny Defendants' motion in its entirety.

However, I must also inform this honorable Court that there has been an irretrievable breakdown in the attorney client relationship between Mr. Farmer and myself, and I seek permission to make a motion to withdraw as counsel for Mr. Farmer.

Yours truly,

Peter M. Zirbes, Esq. (PZ4413)

Cc: Paul Rooney, Esq.
Attorney for Defendants
Via fax (212) 370-7889

Counsel may move to withdraw as counsel for plaintiff and in making such a motion must comply with Local Rule 1.4. Counsel for plaintiff and plaintiff are both directed to attend the conference scheduled for October 17 at 3pm.

SO ORDERED.

James L. Cott
USMJ
10/15/14

# Peter M. Zirbes, Esq., P.C.
116-27 Queens Boulevard
Forest Hills, NY 11375
Phone (718) 544-6300
Fax (866) 673-1354

Via Facsimile (212) 370-7889 and
First Class Postage

October 6, 2014

Ellenoff Grossman & Schole, LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Attn:    Paul Rooney, Esq.

Re:    Farmer v. Hyde Your Eyes Optical, Inc.
Docket No. 13-cv-6653

Dear Mr. Rooney:

Enclosed please find a properly redacted Patron Data Log from Foxwoods Resort Casino which contains the dates and the amount of time Mr. Farmer spent in the Casino, and which covers the period of June 15, 2009 through August 10, 2013. This is responsive to paragraph 22 of your clients' request for documents.

Also enclosed please find properly redacted copies of my client's Federal and New York State tax returns covering the years 2008 through 2012. This is responsive to paragraph 9 of your clients' request for documents.

I am still awaiting receipt of my client's resume he prepared for his application to the job that is the subject of the instant action, and any resume Mr. Farmer prepared for his post termination job applications (paragraph 11).

With respect to paragraph 12, and as had been previously discussed between us, I will be submitting an authorization for you to procure medical records from the doctor who has been counseling Mr. Farmer. This will also be responsive to paragraph 25. I hope to have this to you in the next day or so.

With respect to paragraph 13, I am still awaiting these documents relating to any claims for unemployment compensation Mr. Farmer may have filed post termination. With respect to the request for documentation related to worker's compensation and/or disability benefits Mr. Farmer may have filed while employed by your clients are documentation already possesses by your clients.

Please note that documents responsive to paragraphs 15 and 19 have already been provided, and that the judge's decision regarding credit card statements and bank records at the September Court conference relates to paragraph 20. Please note that your firm has already subpoenaed Mr. Farmer's bank records.

With respect to paragraph 27, I will be providing you with an authorization for the one gymnasium my client has gone to during the period in question.

With respect to paragraph 29, I will be providing you with a list of my client's addresses during the period in question. I hope to have this to you in the next day or so.

With respect to paragraph 30, I have already provided you with a sworn affidavit from Mr. Farmer attesting to the fact that he has never been to subject of any criminal proceedings. An affidavit regarding any child custody proceedings will be forthcoming in a day or so.

Finally, my client has had to have me subpoena his cell phone records. Therefore, a response to paragraph 32 will forthcoming when they are received.

Yours truly,

Peter M. Zirbes, Esq.