USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #. _____
DATE FILED: 10/17/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD FARMER,  :  **ORDER**

        Plaintiff,  :  13-CV-6653 (GBD) (JLC)

-v.-  :

HYDE YOUR EYES OPTICAL, INC., et al.,  :

        Defendants.  :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The Court held a hearing today to address (1) the issues raised in Defendants' letter dated October 6, 2014 (Docket No. 74), concerning Plaintiff's failure to produce certain documents in compliance with the Court's September 19, 2014 order (Docket No. 73); and (2) the intention of Plaintiff's counsel to move to withdraw as attorney for Plaintiff (see October 15, 2014 Letter of Peter M. Zirbes, Esq., at 2 (Docket No. 77)).

After holding an ex parte discussion with Plaintiff and his counsel regarding Zirbes' ongoing representation,[1] the Court ruled as follows:

(1) Zirbes shall move to withdraw as Plaintiff's counsel, his motion to be submitted ex parte and filed under seal, no later than **October 24, 2014**. The law of this jurisdiction permits attorneys to file motions for withdrawal ex parte and under seal. See, e.g., Thekkek v. LaserSculpt, Inc., No. 11-CV-4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (citing Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)). In accordance with this procedure, Zirbes shall serve a copy of the

---

[1] If a transcript of these proceedings is requested by Defendants, the portion pertaining to this discussion will be redacted and filed under seal.

USDC SDNY
DATE SCANNED 10/17/14

motion on Plaintiff but not on Defendants.

(2) Plaintiff has until **October 31, 2014** to file a response, if any, to that motion, as well as to the motion to withdraw of attorney Jeffrey J. Estrella, Esq. (Docket No. 76). If Plaintiff does not file any response by that date, the Court shall consider both Zirbes' and Estrella's motions to be unopposed.

With respect to Plaintiff's outstanding discovery obligations raised in Defendants' October 6th letter, the Court ruled that Plaintiff shall produce through his attorney the outstanding documents described in Zirbes' letter to Defendants dated October 6, 2014 (see Ex. 1 to October 15th Letter of Peter M. Zirbes, Esq. (Docket No. 77)) and identified on the record at the hearing, no later than **October 24, 2014**. If Plaintiff so complies, the Court will not impose any sanctions. However, should Plaintiff fail to comply with this order (and given his previous violation of this Court's order), the result will be the imposition of sanctions. In the event of non-compliance, Defendants should make a formal application for sanctions so the Court can adjudicate the issue on a full record.

The deadlines set forth in this Order will not be extended under any circumstances. Plaintiff's counsel is directed to provide a copy of this Order to his client.

**SO ORDERED.**

Dated: New York, New York
October 17, 2014

_____
JAMES L. COTT
United States Magistrate Judge